THE HONORABLE AVERIL ROTHROCK, Dept. 16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IARJAMANNI JONES and JAMES RUSSELL NORMAN, behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>POTBELLY SANDWICH WORKS, LLC, a Foreign Limited Liability Company; SOUND SANDWICH, LLC, a Washington Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | NO. 2:24-cv-1044<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>King County Superior Court Case No. 24-2-12991-0 SEA |

Defendant Potbelly Sandwich Works, LLC ("Potbelly"), by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for King County. Co-Defendant Sound Sandwich LLC has indicated it consents to removal. This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), and § 1441 (a) and (b). It is timely under 28 U.S.C. § 1446. This Notice and Petition for Removal is supported by the accompanying Declarations of Catharine M. Morisset ("Morisset Dec.") and Brandi Adams in Support of Removal ("Adams Dec.").

## I. BACKGROUND

On June 10, 2024, Plaintiffs Iarjamanni Jones and James Russell Norman, on behalf of themselves and all others similarly situated, filed a complaint entitled "Class Action Complaint

NOTICE OF REMOVAL (24-1044) Page 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

for Violations of Washington's Wage Transparency Law (RCW 49.58.110)" in Superior Court of Washington State for King County entitled, *Iarjamanni Jones and James Russell Norman, on behalf of themselves and all others similarly situated v. Potbelly Sandwich Works, LLC, and Sound Sandwich, LLC*, Case No. 24-2-12991-0 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders served upon Potbelly is attached to the Morisset Dec. Exs. 1-9. The allegations of the Complaint are incorporated by reference in this Notice and Petition for Removal without admission or agreement to the truth of any of them.

Pursuant to 28 U.S.C. § 1446(d), Potbelly will promptly file a copy of this Notice of Removal to Federal Court, to which this Notice and Petition for Removal shall be attached, with the Clerk of the Superior Court of Washington for King County, from which this case was removed, and serve these documents on Plaintiffs. Copies of the state court Notice of Removal to Federal Court are attached hereto as **Exhibit A.**

The Complaint purports to seek relief related to Washington's Equal Pay and Opportunities Act, RCW 49.58.110, which sets out requirements for job postings. Specifically, the Complaint seeks (1) damages for alleged violations and (2) declaratory relief.

## II. REMOVAL IS TIMELY

Removal is timely pursuant to 28 U.S.C. § 1446(b) because Potbelly is filing this Notice and Petition for Removal within thirty days after the Complaint was served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Potbelly first received a copy of the Complaint when it was served on June 13, 2024. Morisset Dec. ¶ 4. Accordingly, this Notice and Petition for Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b).

## III. VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

NOTICE OF REMOVAL (24-1044) Page 2

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

or the defendants to the district court of the United States and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Western District of Washington) embraces the King County Superior Court, which is where Plaintiffs' Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate federal district court to which to remove this action.

### IV.   SUBJECT MATTER JURISDICTION EXISTS

Potbelly removes this action based upon jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). As set out below, this action is removable per 28 U.S.C. § 1441(a) as it meets CAFA's requirements because: (a) it is a putative class action in which at least one Plaintiff is a citizen of a state different from the primary defendants, satisfying its minimal diversity requirements, (b) the proposed class is estimated to exceed 100 members, and (c) the aggreate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

**A.   Section 1332(d)(2) – CAFA Jurisdiction Exists**

The Court clearly has jurisdiction under the Class Action Fairness Act's minimal diversity standards. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d)(2) and (6). "Aggregate" for purposes of CAFA means As the Ninth Circuit has noted, CAFA "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*

NOTICE OF REMOVAL (24-1044) Page 3

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

*Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). Thus, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly "put[] a thumb on the scale against removal and questioning its statement that removal "must be rejected if there was any doubt as to removal); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

The following is intended to address any concerns the Court may have regarding each CAFA requirement.

    *1.    Minimal Diversity Exists*

According to Plaintiffs' Complaint, Plaintiff Jones is a resident of Seattle, Washington and Plaintiff Norman is a resident of Redmond, Washington. Complaint, ¶ 3. Moreover, in the application Plaintiff Jones submitted to Potbelly, he provided a Seattle, Washington home address. Adams Dec. ¶ 5. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Plaintiffs are therefore Washington citizens for purposes of CAFA analysis.

NOTICE OF REMOVAL (24-1044) Page 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

1  By contrast, Potbelly is not a citizen of Washington. Potbelly is incorporated under the laws of Illinois. Adams Dec. ¶ 3. A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *Id*. at 93, which is the corporation's "nerve center." *Id*. at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93. Potbelly maintains its corporate headquarters in Chicago, Illinois. High-level officers of Potbelly work, direct, control, and coordinate activities in Illinois. Adams Dec.¶ 3.

CAFA defines citizenship of an unincorporated entity differently than traditional diversity analysis. As the Ninth Circuit has held, "under 28 USC § 1332(d)(10), 'an unincorporated association [is] . . . deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that "a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members.' " *Abrego v. Dow Chemical Co*., 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1182 (9th Cir. 2004). *See also City of E. St. Louis, Illinois v. Netflix, Inc*., 83 F.4th 1066 (7th Cir. 2023); *BRT Management LLC v. Malden Storage LLC*, 68 F.4th 691, 696 n.7 (1st Cir. 2023); *Siloam Springs Hotel, L.L.C. v. Century Surety Co.,* 781 F.3d 1233, 1237 n.1 (10th Cir. 2015); *Erie Insurance Exchange v. Erie Indemnity* Co., 722 F.3d 154, 161 n.7 (3d Cir. 2013) ("CAFA itself evinces an intent that suits by unincorporated associations be treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by the entity's principal place of business and not by the citizenship of its members"); *Ferrell v. Express Check Advance of SC* LLC, 591 F.3d 698, 699–700 (4th Cir. 2010).

NOTICE OF REMOVAL (24-1044) Page 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

2. *The Putative Class Exceeds 100 Individuals.*

CAFA requires at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). In the Complaint, Plaintiffs define the class as:

> All individuals who, from January 1, 2023, through the present (the "Class Period") applied for a job posting in the State of Washington with Defendants where the job posting did not disclose the wage scale or salary range.

Complaint ¶ 15. By Plaintiffs' own estimation, "[t]here are estimated to be hundreds of individuals in the Class" and that "[j]oinder of all such individuals is impractical." Complaint ¶ 17. Potbelly agrees there were at least "hundreds of individuals" who submitted job applications during the relevant period. Potbelly has preliminarily calculated that the putative class includes up to 2,901 applicants from January 1, 2023 through November 13, 2023 before Defendant Sound Sandwich LLC became a franchisee and oversaw all subsequent applications and hiring. Adams Dec. ¶ 6. Out of those 2,901 applicants, approximately 2,764 provided a Washington State address. Adams Dec. ¶ 6.

3. *Amount in Controversy under CAFA*

For CAFA, the amount in controversy must meet or exceed five million dollars in aggregate. 28 U.S.C. § 1332(d)(2), (6). Although Potbelly denies that Plaintiffs or any putative class member is entitled to any relief, in determining the amount in controversy, the Court must assume the complaint's allegations are true and that a jury will return a verdict for the plaintiff(s) on all claims alleged. *Cain*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (Internal quotation marks omitted)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales*, 840 F.3d at 648 (9th Cir. 2016) (internal citations omitted) (diversity removal). *See also e.g., Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771-73 (9th Cir. 2020) (alleged punitive damages are counted. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-

NOTICE OF REMOVAL (24-1044) Page 6

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

94 (9th Cir. 2018) (statutory or actual attorney fees); *Hammond v. Stamps.com, Inc.,* 844 F.3d 909, 911, 912 (10th Cir. 2016) (statutory damages).

Here, Plaintiffs seek: "[s]tatutory damages equal to Plaintiffs and the Class Members actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1)." Complaint § VII.2. Plaintiffs describe the putative class broadly as "all individuals who . . . applied for a job opening in the State of Washington [.]" Complaint ¶ 15. Plaintiffs do not define "applied," and also fail to distinguish among hired employees, hired applicants who ultimately declined the job, applicants who received interviews but not job offers, or even those who submitted applications regardless of skills, qualifications, or actual interest in employment.

Putting aside that Plaintiffs' vague class definition overstates the reasonable reach of RCW 49.58.070(1), and their Complaint does not plead a legally tenable class or claim, potential statutory damages exceed the $5,000,000 threshold for CAFA based on the number of potential class members as Plaintiffs have chosen to define them. As noted above, individual class members' claims are aggregated when determining if CAFA's $5 million jurisdictional threshold is met. 28 U.S.C. § 1332(d)(6). Thus, here there needs to be only 1,000 potential class members to meet the $5,000,000 threshold as the potential recovery under RCW 49.58.070(1) is $5,000 per applicant (1,000 x $5,000). From January 1, 2023, to November 13, 2023, Potbelly received 2,901 applications for Washington job postings. Adams Dec. ¶ 6. Assuming each of these 2,901 individuals qualify as an "applicant" potentially entitled to the minimum $5,000 penalty per RCW 49.58.070(1) for a noncompliant posting, the amount-in-controversy well exceeds the $5,000,000 threshold.

Potbelly emphasizes that this is not a liability concession, and a party need not make such a concession to remove under CAFA. *Lewis,* 627 F.3d at 400 (holding that the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint). *See also Arias v. Residence Inn by Marriott,* 936 F.3d 920, 927 (9th Cir. 2019) (vacating order of remand

NOTICE OF REMOVAL (24-1044) Page 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

where trial court "seemed to have imposed a requirement that [the defendant] prove it actually violated the law at the assumed rate of violation in order to estimate the amount in controversy). Potbelly has thus satisfied the $5,000,000 CAFA threshold to support removal.

## V.   NOTICE OF REMOVAL TO STATE COURT

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiffs' counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as **Exhibit A**.

## VI.   CONSENT TO REMOVAL

As required by 28 U.S.C. § 1446(b)(2)(A), Co-Defendant Sound Sandwich LLC consents to removal. Morisset Dec. ¶ 13.

## VII.   CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. §1332(d) because there is minimal diversity of citizenship inasmuch as at least one putative class member is a citizen of Washington, specifically Plaintiffs, and Potbelly is a citizen of Illinois. The putative class exceeds 100 members, and as pled, the aggregate amount in controversy exceeds the jurisdictional minimum. In addition, no CAFA exceptions apply. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Potbelly has properly removed this Action to this Court. Potbelly reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections.

//
//
//
//
//

NOTICE OF REMOVAL (24-1044) Page 8

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

1  DATED this 12th day of July 2024.

2             FISHER & PHILLIPS LLP

3         By *s/ Catharine M. Morisset*
         Catharine M. Morisset, WSBA #29682

4         By *s/ Ryan R. Jones*
         Ryan Jones, WSBA # 52566

         1700 7th Avenue, Suite 2200
         Seattle, WA 98101
         Tel: (206) 682-2308
         Fax: (206) 682-7907
         Email: cmorisset@fisherphillips.com
              rrjones@fisherphillips.com
         *Attorneys for Defendant Potbelly Sandwich Works LLC*

NOTICE OF REMOVAL (24-1044) Page 9

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date written below, I caused a true and correct copy of the foregoing document to be served on the following attorney, via the method indicated:

| | |
|---|---|
| Craig J. Ackermann, WSBA #53330<br>Brian Denlinger, WSBA #53177<br>Avi Kreitenberg, WSBA #53294<br>ACKERMANN & TILAJEF, P.C.<br>2602 North Proctor Street, Suite 205<br>Tacoma, WA 98406<br>Phone: (253) 625-7720<br>Fax: (310) 277-0635<br>Email: cja@ackermanntilajef.com<br>　　　　bd@ackermanntilajef.com<br>　　　　ak@ackermanntilajef.com | Via CM/ECF |

*Attorneys for Plaintiffs*

| | |
|---|---|
| Aaron D. Bigby, WSBA #29271<br>NORTHCRAFT BIGBY PC<br>819 Virginia St., Ste. C-2<br>Seattle, WA 98101<br>Phone: 206-623-0229<br>Email: aaron_bigby@northcraft.com | Via CM/ECF |

*Attorney for Defendant Sound Sandwich, LLC*

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 12, 2024, at Seattle, Washington.

_____
Jazmine Matautia

NOTICE OF REMOVAL (24-1044) Page 10

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51508251.1