1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IARJAMANNI JONES et al.,<br><br>                Plaintiffs,<br>    v.<br><br>POTBELLY SANDWICH WORKS LLC et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-01044-LK<br><br>ORDER GRANTING STIPULATION FOR STAY |

This matter comes before the Court on the parties' Stipulation for Stay. Dkt. No. 15. The parties seek a stay of this case because (1) they have agreed to "explor[e] potential resolution of the action through an exchange of informal discovery and mediation, which is scheduled for December 12, 2024"; and (2) "issues present in this case have recently been certified to the Washington State Supreme Court, the ruling for which may have a dispositive outcome of this action for the parties." *Id.* at 1 (citing *Branson v. Wash. Fine Wine & Spirits LLC*, No. 2:24-cv-00589-JHC, Dkt. No. 44 (W.D. Wash. Aug. 20, 2024)).

ORDER GRANTING STIPULATION FOR STAY - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Where, as here, other pending judicial proceedings may bear on the case, the Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In addition, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result of a stay. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources. Finally, a stay will not cause unnecessary delay because it will avoid the risk of inconsistent results.

For the foregoing reasons, the Court GRANTS the parties' Stipulation for Stay, Dkt. No. 15, STAYS the case, and ORDERS the parties to submit a joint status report within 14 days of the date of their mediation. The Court also STRIKES Plaintiffs' motion to remand, Dkt. No. 13, without prejudice to refiling if this matter is not resolved during the stay.

Dated this 3rd day of September, 2024.

Lauren King
United States District Judge

ORDER GRANTING STIPULATION FOR STAY - 2